﻿Citation Nr: 19158974
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 18 48-572
DATE: July 30, 2019

REMANDED

Entitlement to service connection for a right shoulder disability, also claimed as right shoulder numbness, is remanded.

REASONS FOR REMAND

The appellant is a Veteran who served on active duty from June 1976 to June 1980, followed with reserve duty. This matter is before the Board of Veterans’ Appeals (Board) on appeal from a January 2017 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

Entitlement to service connection for a right shoulder disability, claimed as right shoulder numbness is remanded.

The Veteran his right shoulder disability is due to service. He initially claimed service connection for right shoulder numbness and has since asserted more broadly that he suffers from a right shoulder disability. 

Service treatment records (STRs) show that in May 1980, he was seen with complaints of recurrent dislocation of his right shoulder, with a note the dislocation was not documented. 

The Veteran had reserve duty, and in December 1981 he reported dislocating his right shoulder during service and having occasional dislocations. 

The Veteran has reported that during a basketball tournament in Germany, he dislocated his shoulder. He went to the dispensary for treatment, but the shoulder had already popped back into place. He reported through the years his shoulder had dislocated many more times, and having problems with pain, numbness, and tingling. 

A shoulder and arm VA examination was rendered November 2016. The Veteran reported serving active duty from 1976 to 1980, and from 1981 to 1983. The Veteran was diagnosed with a right shoulder strain. The Veteran reported weakness, numbness, tingling, and pain. A history of shoulder instability, dislocation or labral pathology was suspected, with a note there was a history of mechanical symptoms of the right shoulder. A history of dislocation was noted on the left side. A peripheral nerve examination revealed a diagnosis of right cervical neuropathy. The examiner noted the only medical record found with regard to his right shoulder is an August 2016 complaint of right shoulder pain with hand tingling and numbness. The examiner opined the claimed condition was less likely than not incurred in or caused by an in-service even injury event or illness. The rationale provided was there were no records found during military service, therefore, it is less likely than not that his current right shoulder condition was caused by service. 

Numerous buddy statements have been received in support of the Veteran’s claim. In an August 2016 statement from N.U., he reported that during the 1977/1978 basketball season, during a game the Veteran dislocated his shoulder and had to be taken to dispensary for treatment. In an August 2016 statement from P.H., he reported during a playoff game during the 1977/1978 season, the Veteran dislocated his shoulder and was taken to the dispensary for treatment. In an August 2016 statement from W.W., he reported witnessing the Veteran dislocate his shoulder during a basketball game. In a September 2016 statement from the Veteran’s spouse, she reported being with her husband while he was stationed in Germany. During one of the games during the 1977/1978 basketball season, he dislocated his right shoulder. She reported it hurt their intimate relationship. She stated that throughout the years he has continued to experience right shoulder discomfort. 

VAMC records indicate in September 2016 he had an MRI of his right shoulder that revealed tendinopathy, and mild to moderate degenerative disease of the acromioclavicular joint. 

At a May 2017 visit at the Family Medical Center, he complained of right shoulder pain. Again, in May 2018, the Veteran reported injuring his shoulder in 1978. He had cortisone injections, and was complaining of pain. Records from Carolina Regional Orthopaedics indicate the Veteran was diagnosed in 2017 with pain in right shoulder, impingement syndrome of right shoulder, incomplete rotator cuff tear of right shoulder, arthritis of the acromioclavicular joint, and a glenoid labrum tear. 

As the examination does not discuss or identify the in-service right shoulder complaints, and several statements have now been received in support of the Veteran’s claim, a new opinion is needed. 

The matter is REMANDED for the following action:

1. Obtain any outstanding VA and private medical records and associate these records with the claims folder.

2. Forward the Veteran’s claims file to an appropriate examiner for a supplemental opinion on the etiology of the claimed right shoulder disability. It is left to the examiner’s discretion whether to examine the Veteran. The examiner is asked to answer the following: 

Please identify all right shoulder disabilities, and for each one state whether it is it at least as likely as not that it is related to his service?

The examiner is asked to address medical records and the specific in-service complaints, as well as the Veteran’s contentions, and to provide a rationale for all opinions reached.

 

H.M. WALKER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD E. Skiouris, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.